IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHUONG VAN DUONG,<br>Reg. No. 42786-177<br><br>    Petitioner,<br><br>    v.<br><br>WALTER J. WOOD, SR., *et al.*,<br><br>    Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CASE NO. 2:17-CV-224-WHA<br>)   [WO] |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.  INTRODUCTION

This case is before the court on a 28 U.S.C. § 2241 application for habeas corpus relief filed by Chuong Van Duong, a federal inmate currently incarcerated at the Montgomery Federal Prison Camp in Montgomery, Alabama. In this petition, Duong addresses potential actions which may be taken against him by prison officials if he voluntarily withdraws from the adult literacy program conducted by the Bureau of Prisons.

In his response filed on August 13, 2017, Duong concedes the claims on which he seeks to proceed in this action "regard[] the 'conditions of confinement,' namely, the requirement that Petitioner continue to participate in [the] adult literacy program[] or otherwise suffer redress" relating to his employment status. Doc. 20 at 12. Duong maintains he "seeks only to establish his right to withdraw [from the program], the propriety of his full-time employment notwithstanding his withdrawal . . . and his request for a pay limitation waiver" if he does withdraw from the program. Doc. 20 at 13.

The court has reviewed the habeas petition, the responses to the petition filed by the

respondents, and Duong's response to the arguments of the respondents. Upon this review and in accordance with applicable federal law, the court concludes that the petition is due to be denied.

## II. DISCUSSION

Duong complains that under governing administrative regulations prison officials may lessen his pay grade and change his employment level if he chooses to withdraw from the adult literacy program. Duong acknowledges that these claims solely address the conditions of his confinement. Doc. 20 at 12. For this reason, Duong's claims are not cognizable in the instant 28 U.S.C. § 2241 habeas petition.

The central purpose of the writ of habeas corpus is to provide a remedy to prisoners who are challenging the fact or duration of their physical confinement and are seeking immediate release or an earlier release. *Preiser v. Rodriguez*, 411 U.S. 475, 484–87 (1973); *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1092–93 (11th Cir. 2017) (internal citations and quotation marks omitted), *cert. denied*, 138 S. Ct. 502 (Dec. 4, 2017) (holding that a federal inmate "may file a petition for a [§ 2241] writ of habeas corpus to challenge the execution of his sentence, such as the deprivation of [previously earned] good-time credits or [adverse] parole determinations" or, in extraordinary and limited circumstances, to challenge his sentence "when the sentencing court is unavailable [such as when the sentencing court no longer exists]" or where there are multiple sentencing courts which would prevent a prisoner from filing a 28 U.S.C. § 2255 motion to vacate); *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (internal quotations and citation omitted) (holding that where success in the action would not "necessarily spell [immediate or] speedier release" for the prisoner the remedy is not within "the core of habeas corpus").

Duong concedes that his claims relate to conditions of confinement and asserts that the exclusive remedy for these claims lies in a *Bivens*-type action.[1]  Doc. 20 at 12 n.2.

"An inmate's challenge to the circumstances of his confinement . . . may [under appropriate circumstances] be brought [in a *Bivens* civil rights action]." *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (internal quotations and citations omitted); *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside [the] core [of habeas corpus] and may be brought pursuant to § 1983 [or, for a federal prisoner, a *Bivens* civil rights action].").  Here, Duong seeks injunctive relief which would compel prison officials to allow him to remain in full-time employment status with no change in his pay grade if he withdraws from the adult literacy program.  Doc. 20 at 13.  Consistent with settled law, these claims are not properly before the court in a petition for writ of habeas corpus.  Duong's habeas petition is due to be denied.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2241 petition for federal habeas corpus relief filed herein be DENIED and this case be DISMISSED.

It is ORDERED that **on or before March 5, 2019**, Petitioner may file an objection to the recommendation.  Petitioner must specifically identify the factual findings and legal conclusions in the recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.

---

[1] *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 19th day of February, 2019.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE